ATTORNEY GENERAL LOVING HAS ASKED ME TO RESPOND TO YOUR REQUEST FOR AN ATTORNEY GENERAL OPINION ADDRESSING, IN EFFECT, THE FOLLOWING QUESTION:
 IS THERE ANY CONSTITUTIONAL OR STATUTORY PROHIBITION AGAINST A MUNICIPAL-BENEFICIARY PUBLIC TRUST, WHICH IS PROVIDING RETAIL ELECTRIC SERVICE, OFFERING INCENTIVES IN THE FORM OF CASH REBATES OR CREDITS TO CUSTOMER BILLS IN ORDER TO ENCOURAGE CUSTOMERS TO PURCHASE HIGH EFFICIENCY ELECTRICAL APPLIANCES OR TO TAKE CERTAIN ACTIONS TO IMPROVE THE EFFICIENCY OF THEIR EXISTING ELECTRICAL APPLIANCES, THEREBY REDUCING THEIR ELECTRICAL CONSUMPTION?
BECAUSE YOUR QUESTION MAY BE ANSWERED BY REFERENCE TO EXISTING STATUTES, CASE LAW AND FORMAL ATTORNEY GENERAL OPINIONS, THIS OFFICE HAS DETERMINED THAT YOUR REQUEST SHOULD BE ANSWERED THROUGH THIS INFORMAL LETTER. ACCORDINGLY, THE DISCUSSION WHICH FOLLOWS IS NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL. RATHER, THE FOLLOWING ANALYSIS AND CONCLUSIONS, WHILE SOLELY MY OWN, HAVE BEEN REACHED AFTER CAREFUL RESEARCH OF THE QUESTION YOU HAVE RAISED.
OKLAHOMA LAW PROVIDES FOR THE CREATION OF TRUSTS FOR THE FURTHERANCE OF PUBLIC FUNCTIONS. 60 O.S. 176(A) — 60 O.S. 180.4. AN OKLAHOMA MUNICIPALITY MAY CREATE AND ALSO BE THE BENEFICIARY OF SUCH A TRUST. ID. 176(A). A "MUNICIPAL-BENEFICIARY PUBLIC TRUST IS AUTHORIZED TO PERFORM ANY AUTHORIZED AND PROPER PUBLIC FUNCTION OF THE MUNICIPALITY AND/OR TO PROVIDE FUNDS FOR THE FURTHERANCE OF SUCH FUNCTIONS. ID.; SEE ALSO SHIPP V. SOUTHEASTERN OKLAHOMA INDUSTRIES AUTHORITY, 498 P.2D 1395, 1399 (OKLA.1972); BOARD OF COUNTY COMMISSIONERS V. WARRAM, 285 P.2D 1034, 1035 (OKLA. 1955) (SYLLABUS BY THE COURT); AND A.G. OPIN. NO. 77-133. THUS, THE PERMISSIBLE FUNCTIONS AND PURPOSES OF A MUNICIPAL-BENEFICIARY PUBLIC TRUST ARE LIMITED BY THE ALLOWABLE FUNCTIONS AND PURPOSES OF ITS BENEFICIARY.
ADDITIONAL LIMITATIONS MAY ARISE FROM THE LANGUAGE OF THE INSTRUMENT OR INSTRUMENTS CREATING THE PUBLIC TRUST. OKLAHOMA LAW PROVIDES THAT "NO PUBLIC TRUST SHALL ENGAGE IN ANY ACTIVITY OR TRANSACTION THAT IS NOT EXPRESSLY AUTHORIZED IN THE INSTRUMENTS OR ARTICLES PRESCRIBING ITS CREATION EXCEPT BY EXPRESS CONSENT OF THE GOVERNMENTAL...ENTITY THAT CREATED SAID PUBLIC TRUST." 60 O.S. 177.1 (1991).
HOWEVER, THE OKLAHOMA SUPREME COURT HAS REFUSED TO CONSTRUE THIS PROVISION STRICTLY. RATHER, THE COURT HAS CONCLUDED THAT:
 "IF ENGAGING IN THE GENERAL KIND OF ACTIVITY OR TRANSACTION IN QUESTION MAY REASONABLY BE SAID TO BE INCLUDED IN THE AUTHORITY EXPRESSLY CONFERRED ON THE TRUST OR THE TRUSTEES IN THE INSTRUMENTS CREATING A PUBLIC TRUST, SUCH ACTIVITY OR TRANSACTION IS EXPRESSLY AUTHORIZED IN THE INSTRUMENT, WITHIN THE CONTEMPLATION OF SECTION 177.1(.)"
SHIPP, 498 P.2D AT 1400.
THE COURT HAS ALSO SAID THAT:
 "TRUSTS FOR THE BENEFIT OF THE PUBLIC MAY BE ESTABLISHED WITH A BROAD FIELD OF OBJECTIVES AS LONG AS THE OBJECTIVES ENCOMPASS A BENEFIT TO A LARGE CLASS OF THE PUBLIC OR LESSEN THE BURDENS OF GOVERNMENT."
SHOTTS V. HUAH, 551 P.2D 252, 254 (OKLA.1976).
OKLAHOMA LAW DOES IMPOSE CERTAIN RESTRICTIONS AND REQUIREMENTS ON THE USE OF PUBLIC FUNDS. SEE, E.Q., OKLA. CONST. ARTICLE II, SECTION 5 (PUBLIC FUNDS CANNOT BE USED FOR RELIGIOUS PURPOSES); ARTICLE X, SECTION 15 (CREDIT OF THE STATE CANNOT BE EXTENDED TO ANY OTHER ENTITY AND STATE CAR.NOT OWN STOCK IN A CORPORATION); 11 O.S. 17-210/11 O.S. 17-216 (RESTRICTIONS ON HOW MUNICIPALITIES ARE TO ADMINISTER THEIR FUNDS); AND 62 O.S. 1 ET SEQ. (RESTRICTIONS ON HOW STATE FUNDS ARE TO BE ADMINISTERED). HOWEVER, A PUBLIC TRUST IS A COMPLETELY SEPARATE LEGAL ENTITY FROM ITS GOVERNMENTAL BENEFICIARY. STATE V. GARRISON, 348 P.2D 859, 862-863 (OKLA.1959); MORRIS V. OKLAHOMA CITY, 299 P.2D 131, 136-37 (OKLA.1956); BOARD OF COUNTY COMM'RS V. WARRAM, 285 P.2D 1034, 1040-41 (OKLA.1955). THUS, SO LONG AS THE FUNDS OF A PUBLIC TRUST DO NOT ORIGINATE FROM OR PASS THROUGH THE PUBLIC TREASURY OF ITS GOVERNMENTAL BENEFICIARY, THE TRUST'S FUNDS ARE NOT "PUBLIC FUNDS" AND ARE NOT SUBJECT TO THE RESTRICTIONS ON THE USE OF SUCH FUNDS. A.G. OPIN. NOS. 90-023; 86-131; 86-070; 83-227.
IN APPLYING THE FOREGOING AUTHORITIES TO THE QUESTION YOU HAVE PRESENTED, MUNICIPALITIES CLEARLY ARE FREE TO ENGAGE IN THE BUSINESS OF PROVIDING ELECTRIC UTILITY SERVICE "AND TO ENTER INTO SUCH SHORT- OR LONG-TERM CONTRACTS, AGREEMENTS...AND DO ALL THINGS NECESSARY AND PROPER TO FURTHER THE CAPABILITY OF THE MUNICIPALITY PURSUANT TO THE AUTHORITY GRANTED TO IT BY THE OKLAHOMA STATUTES AND THE CONSTITUTION...TO PROVIDE SAID...SERVICES AS MAY BE DEEMED APPROPRIATE BY THE GOVERNING BODY OF THE MUNICIPALITY(.)" 11 O.S. 22-104(6). IF IT CAN BE SHOWN THAT THE REBATES AND INCENTIVES REFERENCED IN YOUR QUESTION "FURTHER THE CAPABILITY OF THE MUNICIPALITY" TO PROVIDE ELECTRIC SERVICE THROUGH DECREASED COSTS, IMPROVED LOAD FACTOR, AVOIDANCE OF THE NEED FOR NEW GENERATION CAPACITY, OR OTHER SIMILAR CONSIDERATIONS, IT WOULD SEEM THAT MUNICIPALITIES ARE FREE TO ENGAGE IN SUCH ACTIVITIES.
THE FACT THAT MUNICIPALITIES IN GENERAL ARE AUTHORIZED TO ENGAGE IN THE INCENTIVE ACTIVITIES RAISED IN YOUR QUESTION DOES NOT NECESSARILY MEAN THAT EACH AND EVERY MUNICIPAL-BENEFICIARY PUBLIC TRUST CAN LEGALLY DO SO. THAT WILL DEPEND UPON WHETHER OR NOT A PARTICULAR MUNICIPALITY HAS DELEGATED THAT AUTHORITY TO THE PUBLIC TRUST WHICH OPERATES ITS ELECTRIC UTILITY. THAT, OF COURSE, IS A QUESTION OF FACT WHICH CANNOT BE RESOLVED BY THE ATTORNEY GENERAL. IT WOULD BE DETERMINED ON THE BASIS OF THE PARTICULAR LANGUAGE OF THE INSTRUMENT(S) CREATING THE PUBLIC TRUST.
IT IS, THEREFORE, THE OPINION OF THE UNDERSIGNED ATTORNEY THAT THERE IS NO EXPRESS LEGAL PROHIBITION AGAINST A MUNICIPAL BENEFICIARY PUBLIC TRUST, WHICH PROVIDES RETAIL ELECTRIC SERVICE, OFFERING INCENTIVES IN THE FORM OF CASH REBATES OR CREDITS TO CUSTOMER BILLS IN ORDER TO ENCOURAGE CUSTOMERS TO PURCHASE HIGH EFFICIENCY ELECTRICAL APPLIANCES OR TO TAKE CERTAIN ACTIONS TO IMPROVE THE EFFICIENCY OF THEIR EXISTING ELECTRICAL APPLIANCES, THEREBY REDUCING THEIR ELECTRICAL CONSUMPTION. WHETHER A PARTICULAR TRUST CAN CARRY OUT SUCH AN INCENTIVE PROGRAM IS A QUESTION OF FACT, THE ANSWER TO WHICH WILL BE AFFECTED, IN PART, BY THE FOLLOWING:
 1) WHETHER THE PARTICULAR PROGRAM AT ISSUE MEETS THE FACTUAL CRITERIA OF "FURTHERING THE CAPABILITY OF THE MUNICIPALITY;" AND
 2) WHETHER THE PARTICULAR MUNICIPALITY AT ISSUE HAS ADEQUATELY DELEGATED THE AUTHORITY TO ENGAGE IN SUCH ACTIVITIES TO ITS PUBLIC TRUST.
(RICK D. CHAMBERLAIN)